13-3200-cr
United States v. McLeod

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         PIERRE N. LEVAL,
         GUIDO CALABRESI,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    13-3200-cr

JARMAAL MCLEOD,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          JOHN S. WALLENSTEIN, Law Office
                        of John S. Wallenstein, Garden
                        City, NY.

FOR APPELLEE:           ILAN GRAFF (Margaret Garnett, on
                        the brief), for Preet Bharara,
                        United States Attorney for the

1

Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, <u>CJ</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Jarmaal McLeod appeals from the judgment of the United States District Court for the Southern District of New York (Preska, <u>CJ</u>.) convicting him of (i) distribution and possession with the intent to distribute crack cocaine, and (ii) the conspiracy to do so. McLeod was sentenced chiefly to 150 months' imprisonment. McLeod challenges the sufficiency of the evidence underlying his two convictions and the district court's refusal to give a "buyer/seller" instruction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** A defendant challenging the sufficiency of the evidence underlying his conviction at trial "bears a heavy burden" because our standard of review is "exceedingly deferential": we "must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor," and will uphold the judgment if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>United States v. Coplan</u>, 703 F.3d 46, 62 (2d Cir. 2012) (internal citations and quotation marks omitted).

The "typical buy-sell scenario" involves "a casual sale of small quantities of drugs," which, without more, cannot establish a conspiracy to distribute because there is no separate criminal object. <u>United States v. Medina</u>, 944 F.2d 60, 65 (2d Cir. 1991). However, where "there is advanced planning among the alleged co-conspirators to deal in wholesale quantities of drugs obviously not intended for personal use," then "the participants in the transaction may be presumed to know that they are part of a broader conspiracy." <u>Id.</u> at 65-66. Additional circumstances that support an inference of conspiracy include "prolonged cooperation between the parties, a level of mutual trust, standardized dealings, [and] sales on credit." <u>United</u>

2

States v. Hawkins, 547 F.3d 66, 71 (2d Cir. 2008) (internal citations and quotation marks omitted).

The government presented more than enough evidence to justify the jury's finding that McLeod was a co-conspirator in the larger narcotics distribution conspiracy. McLeod purchased crack cocaine from a single conspiracy member in wholesale quantities at wholesale prices at regular, frequent intervals. McLeod did this because he was a distributor himself, reselling the crack cocaine to his own customers. And he discussed the needs and complaints of his customers with his supplier, a member of the conspiracy. Unlike the defendant in United States v. Brock, 789 F.3d 60, 64 (2d Cir. 2015), McLeod had a single, regular supplier from whom he purchased wholesale quantities of narcotics at wholesale prices and with whom he shared information about his own customers.

There was also sufficient evidence for the jury to conclude that McLeod committed the substantive offense of possession with the intent to distribute on November 2, 2009. On that day, the police recorded McLeod speaking with his supplier in the conspiracy about purchasing a large amount of crack cocaine using coded language, and thereafter observed him enter the supplier's car. The record at trial established that McLeod frequently purchased narcotics from this supplier and this supplier regularly used his car to conduct drug transactions with distributors. A rational juror could have inferred beyond a reasonable doubt that McLeod purchased crack cocaine that day with the intent to sell it.

**2.** "To secure reversal based on a flawed jury instruction, a defendant must demonstrate both error and ensuing prejudice." United States v. Quinones, 511 F.3d 289, 313-14 (2d Cir. 2007). We review a district court's refusal to give a jury instruction de novo, but "will reverse only where the charge, viewed as a whole, either failed to inform the jury adequately of the law or misled the jury about the correct legal rule." Id. at 314 (internal citations and quotation marks omitted).

When the facts presented "transcend the usual 'buyer-seller' scenario" — meaning there is more than a "casual sale of small quantities of drugs," such as advanced planning or wholesale quantities of narcotics — a district court is justified in refusing to give the "buyer-seller"

3

instruction.  <u>Medina</u>, 944 F.2d at 66.  The relationship between McLeod and the other members of the conspiracy was not merely that of buyer and seller.  As already established, the government presented sufficient evidence that McLeod was a distributor in the conspiracy, and regularly purchased wholesale quantities of narcotics at wholesale prices from a single supplier in the conspiracy. The district court did not err in declining to charge the jury as to the buyer-seller exception.

Accordingly, and finding no merit in McLeod's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4